# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**WILHEMINA BRYAN,**

    **Petitioner,**

**vs.**                                                     **Case No. 4:10cv496-RH/WCS**

**UNITED STATES OF AMERICA,**

    **Respondent.**

_____/

## REPORT AND RECOMMENDATION TO DISMISS § 2241 PETITION

Petitioner, proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 and supporting memorandum.  Docs. 1 and 2.  The filing fee was paid.

Petitioner challenges her sentence imposed in the Middle District of Florida. Doc. 1, p. 2.  She filed a 28 U.S.C. § 2255 motion in that court, and the motion was denied.  *Id.*, pp. 2-3.

A challenge to a sentence is cognizable by motion filed pursuant to 28 U.S.C. § 2255, which provides in relevant part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a).

Under the "savings clause" of § 2255, a petition for writ of habeas corpus filed by a prisoner authorized to seek relief under § 2255 "shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention."  § 2255(e).

Petitioner challenges her sentencing enhancement, claiming she is actually innocent of being a career offender under the United States Sentencing Guidelines, *citing* Begay v. United States, 553 U.S. 137, 128 S.Ct. 1581, 170 L.Ed.2d 490 (2008) and Gilbert v. United States, 609 F.3d 1159 (11th Cir. 2010) (other citations omitted). The Gilbert opinion cited by Petitioner was vacated and rehearing en banc was granted. Gilbert v. United States, 625 F.3d 716 (11th Cir. 2010).  On rehearing, the Eleventh Circuit said, "the savings clause does not authorize a federal prisoner to bring in a § 2241 petition a claim, which would otherwise be barred by § 2255(h), that the sentencing guidelines were misapplied in a way that resulted in a longer sentence not exceeding the statutory maximum."  Gilbert v. United States, __ F.3d __, 2011 WL 1885674, at *29 (11th Cir. May 19, 2011).

The Eleventh Circuit rejected the argument that Gilbert was convicted of (and therefore could be actually innocent of) being a career offender:

> A defendant who is convicted and then has the § 4B1.1 career offender enhancement, or any other guidelines enhancement, applied in the calculation of his sentence has not been convicted of being guilty of the enhancement. . . . Gilbert's position turns on treating sentences as convictions, and an argument that depends on calling a duck a donkey is not much of an argument..

*Id.*, at *25.  The court also rejected application of the actual innocence of sentence exception applicable to death cases, holding that it "does not apply to claims that the guidelines were misinterpreted to produce a higher guidelines range than would otherwise have applied."  *Id.*, at *25-*28.

It is therefore respectfully **RECOMMENDED** that the § 2241 petition, challenging Petitioner's sentence imposed in the Middle District of Florida, be **SUMMARILY DISMISSED.**

**IN CHAMBERS** at Tallahassee, Florida, on May 31, 2011.


　　　　　　　　　　　　　　　　 S/    William C. Sherrill, Jr.
　　　　　　　　　　　　　　　　**WILLIAM C. SHERRILL, JR.**
　　　　　　　　　　　　　　　　**UNITED STATES MAGISTRATE JUDGE**


**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

Case No. 4:10cv496-RH/WCS